## UNITED STATES *v.* HARTMAN.

---

CRIMINAL LAW; PROSECUTION, ABANDONMENT OF.

Where a person arrested on a warrant for a criminal offense was, on May 8, 1901, held to bail to await the action of the grand jury, and no further proceedings were had against him until March 31, 1902, on which date an indictment against him was returned by the grand jury, a motion by him that he be discharged under the provisions of § 939, D. C. Code, was properly granted by the trial court. (Following *United States* v. *Cadarr, ante,* 143.)

No. 1326. Submitted April 7, 1904. Decided June 30, 1904.

HEARING on an appeal by the United States from an order of the Supreme Court of the District of Columbia quashing an indictment under § 939, D. C. Code.                *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. Charles A. Keigwin,* Assistant United States Attorney, for the appellant.

*Mr. Thomas M. Fields* for the appellee.

Mr.° Justice WRIGHT, of the Supreme Court of the District of Columbia, who sat with the Court in the absence of Mr. Chief Justice ALVEY, delivered the opinion of the Court:

Upon May 6, 1901, the appellee was arrested upon a charge of keeping a gaming table, on warrant issued out of the police court of the District of Columbia: upon the same day he pleaded "not guilty," was held to bail to await the action of the grand jury, and gave bond for his appearance.

No further proceedings against him were had until March 31, 1902, on which day, more than 10 months later, an indictment was returned by the grand jury charging him as in the original affidavit.

Upon April 29, 1902, he moved the supreme court of the District, wherein the indictment pended, that his bail be discharged, basing his motion upon the provisions of § 939 of the District Code, which are as follows:

"Sec. 939. Abandonment of Prosecution.—If any person charged with a criminal offense shall have been committed or held to bail to await the action of the grand jury, and within 9 months thereafter the grand jury shall not have taken action on the case, either by ignoring the charge or by returning an indictment into the proper court, the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free or his bail discharged, as the case may be: Provided, however, that the supreme court of the District of Columbia holding a special term as a criminal court, or, in vacation, any justice of said court, upon good cause shown in writing, and, when practicable, upon due notice to the accused, may from time to time enlarge the time for the taking action in such case by the grand jury."

The motion was found by the court to be well taken, was granted, and an order entered discharging the appellee from the indictment without day. The case is here on appeal from this order.

The judgment is *affirmed* on the authority of *United States* v. *Cadarr, ante,* 143.